UNITED STATES, Appellee

v

LEE ROY EUGENE ARDELL, Major,
U. S. Army, Appellant

18 USCMA 448, 40 CMR 160

No. 21,724

July 11, 1969

*Major John Wall Hanft* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain Robert L. Wiesenthal.*

*Captain David K. Fromme* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin R. Wasinger,* and *Captain Mark L. Rosen.*

## Opinion of the Court

FERGUSON, Judge:

The accused stands convicted of one specification each of willful and wrongful indecent exposure and conduct unbecoming an officer, in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 USC §§ 934 and 933, respectively. His sentence, as finally approved, consists of dismissal from the service and total forfeitures. We granted review to determine whether the evidence is sufficient to sustain the conviction.

The alleged victim, a six-year-old female, identified the accused as a man who lived in a house in the same neighborhood where she lived. She did not know his name but pointed him out at trial. She testified, in reply to direct questions, that during the prior summer something unusual happened at his house. When asked what it was, she simply replied, "He showed me his thing, what he goes to the bathroom with." She did not tell, nor was she asked, the manner in which this showing allegedly occurred. She answered in the negative when asked if the accused said anything. She claimed that the incident occurred in the garage; the large garage door was open; it was daytime; and, no one else was around. Afterwards, she went home and, although not immediately, told her mother. While acknowledging, on cross-examination, that her mother told her what to say while testifying, on redirect examination she denied making it up and asserted that she was telling the truth.

In his defense the accused categorically denied the accusation. He did admit that there were occasions when he walked about his house in the nude when alone (he is divorced, has no children, and only his brother lives with him), and recalled specifically one incident when neighborhood children were in the garage without his knowl-

edge and they saw him in the nude when he went into the kitchen to fix a drink. The evidence showed that a door led directly from the garage into the kitchen. On another occasion, he claimed he was in his bedroom when he heard a disturbance in the hall. Upon opening the door he found children standing in the hall. At that time he was also nude. He immediately shut the door, put on a robe, and than ran the children out of the house. On the way out, he testified, one of the children shouted, "I'll tell my momma on you."

We think the evidence in this case is sufficiently similar to that found in United States v Stackhouse, 16 USCMA 479, 37 CMR 99, to dictate a similar result. Stackhouse was also charged with willful and wrongful indecent exposure based on allegations that on three separate occasions he was observed in the nude in his apartment. In each instance his apartment door was open and the observer was passing in the hall. At no time did it appear that Stackhouse made any motions, gestures, spoke, or otherwise indicated he was aware of the presence of the passersby in the hallway, or sought in any manner to attract their attention. Stackhouse denied any intent to expose himself, although he admitted being occasionally nude in his apartment, as well as the possibility he might have been observed by his neighbors. In reversing for insufficiency of the evidence, we said, at page 481:

"We think the foregoing clearly insufficient to establish a willful indecent exposure on the accused's part. Undoubtedly, he may have been heedless in walking about his quarters in the nude without first insuring the door was fully closed and the sensitivity of his neighbors protected. But negligence is not a sufficient basis for a conviction of

**449**

the depraved misconduct here charged. As the Chief Judge declared, in United States v Manos, 8 USCMA 734, 25 CMR 238, at page 736:

'. . . In our opinion, negligent exposure is not punishable as a violation of the Uniform Code.'"

See also the other cases cited and quoted from in *Stackhouse,* at pages 481–482.

So, too, in the case at bar. While this six-year-old testified that he *showed* her his thing, there is no explanation of her understanding of the meaning of the word "show" for, as noted above, she gave no further evidence on this vital point. She did not say whether he was clothed at the time and opened his trousers or whether he was in the nude. It can be presumed that he made no gestures for there is no evidence that he did. It is also not clear whether he was in the garage when she entered, came in after she arrived, or whether she was in the garage and the accused in the kitchen at the time of the *showing.* But, even assuming, *arguendo,* that both were in the garage at the time of the incident, since the accused said nothing to her, and made no gestures, there is no evidence that he was even aware of her presence. It should be noted that the garage was attached to the house and, as such, a part thereof. It was used for storage, the car regularly being parked outside. Absent some evidence that the accused *knowingly* exposed himself while in his own house, we are constrained to hold the evidence insufficient. United States v Stackhouse, supra, and United States v Manos, 8 USCMA 734, 25 CMR 238.

Inasmuch as the accused's conviction for conduct unbecoming an officer was based on the same evidence, it, too, must be set aside.

While we make no holding thereon, at this time, attention is called to O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), for possible application to these charges.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges are ordered dismissed.

Chief Judge QUINN and Judge DARDEN concur.