UNITED STATES, Appellee

v.

Quinton T. GRAHAM, Corporal
U.S. Marine Corps, Appellant

No. 01-0227

Crim. App. No. 99-0630

United States Court of Appeals for the Armed Forces

Argued October 4, 2001

Decided January 30, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which
GIERKE, EFFRON, and BAKER, JJ., and SULLIVAN, S.J., joined.

<u>Counsel</u>

For Appellant:  <u>Major Charles C. Hale</u>, USMC (argued and on
brief).

For Appellee:  <u>Captain Danny R. Fields</u>, USMC (argued); <u>Colonel
Marc W. Fisher, Jr.</u>, USMC, <u>Lieutenant Commander Philip L. Sundel</u>,
JAGC, USNR, and <u>Lieutenant William C. Minick</u>, JAGC, USNR (on
brief).

Military Judges:  R. L. Rodgers and S. A. Jamrozy

<u>**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**</u>.

United States v. Graham, No. 01-0227/MC

Chief Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by a special court-martial composed of officer and enlisted members of attempted indecent assault and indecent exposure, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 880 and 934. The members sentenced him to a bad-conduct discharge and reduction to pay grade E-3, and the convening authority approved the sentence and further reduced appellant to E-1 in accordance with Article 58a, UCMJ, 10 USC § 858a. Thereafter, the United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. 54 MJ 605 (2001).

On appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER COURT ERRED IN FINDING THE EVIDENCE FACTUALLY AND LEGALLY SUFFICIENT TO PROVE APPELLANT GUILTY OF INDECENT EXPOSURE IN HIS PRIVATE BEDROOM AFTER COMING OUT OF THE SHOWER.[1]

We hold that appellant was properly convicted of indecent exposure, and in doing so, we expressly make clear what was always implicit in United States v. Shaffer, 46 MJ 94 (1997), regarding the definition of "public view." Applying that definition, we hold that the evidence is legally sufficient. See United States v. Turner, 25 MJ 324 (CMA 1987)(legal sufficiency exists when, "considering the evidence in the light most

---

[1] Appellant asserts that the evidence is factually as well as legally insufficient, inviting us to reweigh the evidence. "Such consideration of the factual sufficiency of the evidence is outside the statutory parameters of our review" under Article 67, UCMJ, 10 USC § 867. United States v. Holt, 52 MJ 173, 186 (1999).

favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt").

DISCUSSION

The offense of indecent exposure is defined as follows:

> (1) That the accused exposed a certain part of the accused's body to public view in an indecent manner;
>
> (2) That the exposure was willful and wrongful; and
>
> (3) That, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 88b, Part IV, Manual for Courts-Martial, United States (2000 ed.).[2] Thus, in order for an indecent exposure conviction to be legally sufficient, the evidence must show the exposure was, among other things, "willful," "indecent," and in "public view." The evidence demonstrates appellant's exposure was all of these things.

---

[2] All Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

Before turning to the limited question actually presented by this case, it is important first to note what this case is not. It is not about whether appellant's exposure was willful. Appellant invited his child's fifteen-year-old babysitter into a bedroom in his home, and once she was there, he allowed a towel that was wrapped around his waist to drop to the floor, thus exposing his penis to her. The Court of Criminal Appeals found this act was willful. 54 MJ at 610. Appellate defense counsel acknowledged as much during oral argument, and because this finding of fact by the lower court is not "clearly erroneous or unsupported by the record of trial," we accept it. See United States v. Allen, 53 MJ 402, 406 (2000); United States v. Richter, 51 MJ 213, 220 (1999).

Nor is this case about whether appellant's exposure was indecent. He did not expose himself to his spouse or girlfriend, or to a family member or other person involved with him in such a way that a given exposure might not be indecent. Appellant exposed himself to a fifteen-year-old girl who was completely unrelated to and uninvolved with him, and who neither invited nor consented to his conduct. Thus, appellant does not contest the legal sufficiency of the evidence relating to the indecency element of his offense, and we hold that the court below did not err in concluding appellant's exposure was indecent.

The only question this case involves is whether appellant's conviction for willfully and indecently exposing himself to a minor must be set aside because it occurred in his bedroom, as

4

opposed to some other, more public location.  This question
arises because the Manual states the offense of indecent exposure
occurs only when it takes place in "public view."  But the Manual
does not define "public view," and appellate defense counsel
argues that whatever its meaning, it does not extend to a bedroom
in one's home.  We disagree.

In support of his argument, appellate defense counsel relies
on United States v. Ardell, 18 USCMA 448, 40 CMR 160 (1969), but
reliance on Ardell is misplaced.  In Ardell, the victim testified
the appellant "showed [her] his thing" in the garage of his home
when no one else was around.  She said nothing about the manner
in which this occurred, and she testified that the appellant said
nothing to her at all.  The appellant denied the allegation but
admitted that on one occasion, there were children in his garage
without his knowledge who saw him naked when he walked to his
kitchen, and on another occasion, there were children in his
hallway without his knowledge who saw him naked when he exited
his bedroom.  Id. at 449, 40 CMR at 161.

The Ardell court found the evidence legally insufficient to
sustain a conviction for indecent exposure, stating:

> [E]ven assuming, arguendo, that both were
> in the garage at the time of the incident,
> since the accused said nothing to her, and
> made no gestures, there is no evidence that
> he was even aware of her presence. . . .
> Absent some evidence that the accused knowingly
> exposed himself while in his own house, we are
> constrained to hold the evidence insufficient.

5

Id. at 450, 40 CMR at 162.  In other words, Ardell is a "willfulness" case, not a "public view" case.  It rests entirely on the fact there was no proof the appellant knew the victim was in the garage.  It says nothing about the "public view" element and, thus, lends no support to appellate defense counsel's argument.  To the contrary, by resolving the case on the basis of the willfulness element, the Ardell court implicitly recognized that exposing oneself "while in [one's] own house" can constitute the offense of indecent exposure, as long as it is willful.

The same holds true for our more recent decision in United States v. Shaffer.  There, the appellant "exposed himself while standing in his open garage[.]"  46 MJ at 97.  We upheld his conviction for indecent exposure, noting:

> The offense of indecent exposure does not just apply to exposures that take place on traditionally public lands or in traditionally public buildings.  The offense also applies to indecent exposures that occur in places so public and open, including privately-owned homes, that they are certain to be observed by the general population.

Id. (emphasis added)(internal quotations omitted).  With respect to the willfulness element, we said that

> the required criminal intent for indecent exposure "is usually established [1] by some action by which a defendant draws attention to his exposed condition or [2] by a display in a place so public that it must be presumed it was intended to be seen by others." United States v. Stackhouse, 16 USCMA 479, 481, 37 CMR 99, 101, quoting Hearn v. District of Columbia,178 A.2d 434, 437 (D.C.Mun.App. 1962).

Id. at 96.  We also said:

6

> To establish intent where the act <u>does not</u>
> <u>occur in a public place</u> or otherwise where
> it is <u>certain to be observed</u>, some evidence
> further than the act itself must be presented.
> Ordinarily, intent is established [1] by
> evidence of motions, signals, sounds or other
> actions by the accused designed to attract
> attention to his exposed condition, or
> [2] by his display in a place so public and
> open that it must be reasonably presumed that
> it was intended to be witnessed.

<u>Id</u>., quoting <u>Stackhouse</u>, <u>supra</u> at 482, 37 CMR at 102, quoting <u>State v. Perry</u>, 28 N.W.2d 851, 854 (Minn. 1947)(emphasis added).

Thus, in <u>Shaffer</u> and <u>Stackhouse</u>, this Court recognized two distinct types of indecent exposure: (1) exposure in a public place, the very fact of which tends to prove it was willful, and (2) exposure "that does not occur in a public place" but which, instead, occurs in a nonpublic place such as one's "privately-owned home." The mere fact of this second type of exposure does not prove it was willful, but it may still constitute the offense of indecent exposure if other evidence proves that it was.

This second type of indecent exposure is what we deal with today. Appellant exposed himself in the bedroom of his home – clearly a nonpublic place. But he did so "willfully. . .[b]y inviting his babysitter into the bedroom and then allowing his towel to drop in front of her." 54 MJ at 610. In this way, he made certain that an unsuspecting and uninterested member of the general population had no choice but to see him naked. That is indecent exposure, and as a result, appellant was properly convicted under this Court's precedent.

7

This result is consistent with the majority, state court approach to this crime.  In Shaffer, "we observed that '[o]ur decisions addressing prosecutions for indecent exposure have generally relied on the state court decisions representing the majority approach to this crime.'"  46 MJ at 96, quoting United States v. Choate, 32 MJ 423, 425 n.3 (CMA 1991).  Those decisions make clear that the focus of this offense is on the victim, not on the location of the crime, and that the offense is committed regardless of whether it takes place in the bedroom or on the street.  This is because the purpose of criminalizing public indecency "is to protect the public from shocking and embarrassing displays of sexual activities.  A person need not be in a public place to be a member of the public."  See State v. Whitaker, 793 P.2d 116, 120 (Ariz.App. 1990), quoting People v. Legal, 321 N.E.2d 164, 168 (Ill.App. 1974)(emphasis added).

Thus, the majority of state courts addressing the specific question before us, i.e. whether a given exposure took place in "public view," have held that a willful and indecent exposure in the bedroom of a home could take place in "public view" or in a "public place" for purposes of the applicable indecency statute. See Greene v. State, 381 S.E.2d 310, 311 (Ga.App. 1989)(exposure to teenage babysitter in bedroom was public indecency, where "public place" requirement was defined as "any place where conduct involved may reasonably be expected to be viewed by people other than ... family or household"); Whitaker, supra at 119 (exposure to minor daughters in bedroom can be public sexual

8

indecency, where "public" was not defined by statute but court construed it to mean "a place where the actor might reasonably expect his conduct to be viewed by another"); see also Legal, supra at 167 (exposure in dining room observed from outside the home was public indecency, where "public place" requirement was defined as "any place where the conduct may reasonably be expected to be viewed by others").

The only case to the contrary cited by appellate defense counsel is State v. Romero, 710 P.2d 99 (N.M.Ct.App. 1985). In Romero, the defendant exposed himself to his girlfriend's minor daughter while in the living room of his home, and to her other minor daughter while in the kitchen of his home. He was convicted of two counts of indecent exposure, but the Court of Appeals reversed, concluding that his crimes did not take place in "public view," as required by the statute there at issue. Id. at 103.

At the outset, we note that Romero represents the minority view, which we generally decline to follow. See Choate, 32 MJ at 425 n.3. More importantly, however, we are unpersuaded by its logic. As originally enacted, the statute in Romero criminalized indecent exposure "in or upon the streets or other public places." However, it was later amended by deleting that language and providing that indecent exposure consists of "knowingly and indecently exposing the private parts or sexual organs of a person to the public view." 710 P.2d at 102.

The Romero court concluded that by changing the requirement from "public place" to "public view," the legislature "criminalize[d] indecent exposure which occurs in a location rendering it subject to 'public view.'" Id. It then concluded that because "public" meant "a place accessible or visible to the public," the new "public view" requirement meant the offense had to occur "in a place accessible or visible to the general public," which the Romero court concluded did not include the defendant's living room and kitchen. Id. at 102-03.

We express no opinion regarding the Romero court's interpretation of New Mexico law. We simply note that because Romero involved statutory modifications not at issue here, which the court described as possibly "inadvertent" and producing an "incongruity," id. at 103, Romero does not persuade us that its result is the correct one under the UCMJ. The question we must answer is what does "public view" mean in paragraph 88b(1) of Part IV of the Manual, as compared to "public place"? The answer to that, it seems to us, is clear.

"Public place" means a location that is public, and in that context, "public" is an adjective that describes the place as one "accessible or visible to the general public," to use the Romero court's definition. "Public view," on the other hand, must mean something else. In our opinion, consistent with a focus on the victims and not the location of public indecency crimes, "public view" means "in the view of the public," and in that context, "public" is a noun referring to any member of the public who

10

views the indecent exposure.  It is this definition of "public view" that governs the offense of indecent exposure in the military.  See Legal, 321 N.E.2d at 168 (recognizing the difference between "public view" and "public place"; where "there is a reasonable expectation of public view . . . the acts can be held to have occurred in a 'public place'").

All of the above notwithstanding, appellate defense counsel argues appellant was wrongly convicted because his acts more properly constituted the offense of indecent liberties with a child.  This offense can occur when "one who with the requisite intent exposes one's private parts to a child under 16 years of age."  Para. 87c(2), Part IV, Manual, supra.  Because the victim in this case was fifteen years old, appellate defense counsel argues appellant should have been charged with indecent liberties with a child.

The problem with this argument, however, is that whether appellant was properly convicted of indecent exposure depends solely on the meaning of "public view" and not on the age of the victim.  Had the victim here been seventeen, the offense could not have been indecent liberties because that offense exists only when the victim is under sixteen.  Para. 87b(2)(d), supra.  In that event, the question would still be whether appellant's offense was indecent exposure, and the answer would still be yes, for the reasons set out above.  That said, if he would be guilty of indecent exposure when the victim was seventeen, he is guilty of it when she is fifteen.  The fact that he could alternatively

11

have been charged with committing indecent liberties, which incidentally carries a greater maximum punishment than indecent exposure,[3] is irrelevant.

### DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

[3] See paras. 87e and 88e, Part IV, Manual for Courts-Martial, United States (2000 ed.)(seven years maximum confinement for indecent liberties; six months for indecent exposure).