# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SCHASBERGER, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class JOHN A. HAYES**
**United States Army, Appellant**

ARMY 20180165

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Jacob D. Bashore, Military Judge
Colonel Maureen A. Kohn, Staff Judge Advocate

For Appellant: Lieutenant Colonel Todd W. Simpson, JA; Captain Joseph C. Borland, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Lieutenant Colonel Todd W. Simpson, JA; Captain Joseph C. Borland, JA (on brief on specified issues).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Lauryn D. Carr, JA (on brief on specified issues).

12 August 2019

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

Following appellant's first court-martial that concluded two days earlier, at which an enlisted panel found appellant not guilty of sexual assault, a military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of failure to obey a lawful order and one specification of indecent exposure, in violation of Articles 92 and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920c [UCMJ]. Consistent with appellant's pleas, the military judge convicted appellant of one specification of wrongful possession of a controlled substance, one specification of wrongful use of a controlled substance, and one specification of possessing drug paraphernalia, in violation of Articles 112a and 134,

---

[1] Judge Levin took action on this case while on active duty.

UCMJ.[2] The military judge sentenced appellant to be discharged from the service with a bad-conduct discharge and confinement for 170 days. The convening authority approved the sentence as adjudged.

This Court specified two assignments of error:

I.
WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO DISMISS THE SPECIFICATION OF CHARGE III.[3]

II.
WHETHER APPELLANT'S CONVICTION OF THE SPECIFICATION OF CHARGE III SHOULD BE APPROVED CONSIDERING THAT "ORDINARILY ALL KNOWN CHARGES SHOULD BE TRIED AT A SINGLE COURT-MARTIAL." *UNITED STATES V. CURRY*, 31 M.J. 359, 373 (C.M.A. 1990) (CITING RULE FOR COURTS-MARTIAL 906[(b)](10) DISCUSSION).

For the reasons that follow, we find no error and therefore grant no relief.

## BACKGROUND

*A. Procedural History*

On 18 May 2017, the government preferred sexual assault specifications against appellant. (*Hayes I*). On 23 June 2017, appellant was arraigned on those specifications. On 29 September 2017, while pending trial, appellant submitted to a urinalysis and tested positive for tetrahydrocannabinol (THC). On 20 October 2017, the government preferred three additional charges against appellant, including one specification of indecent exposure. (*Hayes II*).

On 6 November 2017, appellant submitted a guilty plea for the *Hayes I* charges, but withdrew the plea on 4 December 2017. On 5 January 2018, the convening authority referred the *Hayes II* charges against appellant. On 17 January 2018, the appellant was arraigned on the *Hayes II* charges. On 2 April 2018, appellant proceeded to the first of the two courts-martial.

---

[2] In both briefs submitted by the parties, appellate counsel indicated that appellant was convicted of all specifications *contrary* to his pleas.

[3] The Specification of Charge III alleges indecent exposure.

## B. The First Trial (Hayes I)

On 2 April 2018, with respect to the Article 120(b)(1)(B), UCMJ, offense, the government proceeded to court-martial against appellant under the theory that appellant had sexually assaulted CT on or about 20 August 2015 at or near Camp Casey, Korea. Appellant was acquitted of this specification.

## C. The Second Trial (Hayes II)

On 5 April 2018, with respect to the Article 120c(c), UCMJ, offense, the government proceeded to court-martial against appellant under the theory that appellant, while engaging in the same sexual act with CT for which appellant was acquitted in *Hayes I*, indecently exposed himself in his battalion headquarters area, outdoors, at or near Camp Casey, Korea. Appellant was convicted of this specification.

## LAW AND DISCUSSION

### A. Double Jeopardy

#### 1. Law

Whether "a prosecution violates the Double Jeopardy Clause or [the doctrine of issue preclusion] are issues of law," and are therefore reviewed de novo. *United States v. Hutchins*, 78 M.J. 437, 444 (C.A.A.F. 2019) (brackets in original) (citations omitted).

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause bars successive prosecution of an offense that contains the "same elements" as a previously prosecuted offense. *United States v. Dixon*, 509 U.S. 688, 698 (1993) (citations omitted). The "same-elements test," also referred to as the "*Blockburger*" test, examines "whether each offense contains an element not contained in the other." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the offenses do not contain separate elements, they are the same offense "and double jeopardy bars . . . successive prosecution." *Id.* However, convictions for multiple offenses arising from the same act or transaction are authorized absent Congressional intent to the contrary. *United States v. Teters*, 37 M.J. 370, 377-78 (C.M.A. 1993).

In *Ashe v. Swenson*, the Supreme Court held that the rule of issue preclusion is also "embodied in the Fifth Amendment guarantee against double jeopardy." 397 U.S. 436, 442-45 (1970). Issue preclusion "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue

3

cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443. An issue of ultimate fact is an issue that was "necessary" or "essential to the judgment." *Bobby v. Bies*, 556 U.S. 825, 834-35 (2009) (citation omitted). "A determination ranks as necessary or essential only when the final outcome hinges on it." *Id.* at 835. "To decipher what a jury has necessarily decided . . . courts should 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge[s], and other relevant matter[s], and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Yeager v. United States*, 557 U.S. 110, 119-20 (2009). Courts examine "all the circumstances of" the first trial, in making this determination. *Ashe*, 397 U.S. at 444 (citation omitted).

An appellant bears the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States*, 493 U.S. 342, 350-51 (1990) (citations omitted). This burden "is a demanding one." *Currier v. Virginia*, 138 S. Ct. 2144, 2150 (2018).

### a. Sexual Assault

Any person subject to the UCMJ who "commits a sexual act upon another person by . . . causing bodily harm to that other person" is guilty of sexual assault. UCMJ art. 120(b)(1)(B). The elements of the charged sexual assault in *Hayes I* were: (1) the appellant committed a sexual act; (2) by causing bodily harm; and (3) without consent. Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-45-14 (10 Sep. 2014) [Benchbook].

### b. Indecent Exposure

Any person subject to the UCMJ "who intentionally exposes, in an indecent manner, the[ir] genitalia . . . is guilty of indecent exposure." UCMJ art. 120c(c). The elements of the charged indecent exposure in *Hayes II* were: (1) the appellant exposed his genitalia; (2) the exposure was intentional; and (3) the exposure was done in an indecent manner.[4] Benchbook, para. 3-45c-3.

### 2. Analysis

In this case, the sexual assault offense from *Hayes I* and the indecent exposure offense in *Hayes II* contain elements that the other does not. Consequently, they pass the same-elements test. *See Blockburger*, 284 U.S. at 304. The offenses also

---

[4] Indecent manner is defined as "conduct that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." UCMJ art. 120c(d)(6).

have distinct statutory purposes and therefore separate convictions are authorized for each. *See Teters*, 37 M.J. at 377-78. In *Hayes I*, the government focused on whether the sexual act between appellant and CT was consensual. The purported victim that Congress intended to protect was CT. In *Hayes II*, the government focused on whether the environment where the sexual act occurred made appellant's exposure indecent.[5] Accordingly, the protected victim of the indecent exposure was the public. *See United States v. Williams*, 75 M.J. 663, 665-66 (Army Ct. Crim. App. 2016).

Unlike prior versions, the applicable version of Article 120c(c), UCMJ, requires neither a public setting nor a public view.[6] By removing such an element, Congress sought to criminalize "situations in which the exposure is indecent—even if committed in a place where it would not be reasonably [] expected to be viewed by people other than members of the actor's family or household." *MCM*, app. 23, A23-17. This amendment reflected the Court of Appeals for the Armed Forces' more expansive interpretation of indecent exposure in *United States v. Graham*, 56 M.J. 266 (C.A.A.F. 2002) (holding the "public view" element of indecent exposure can be satisfied in an accused's home). It also left "an indecent manner" as the only element making intentional exposure criminal.

Whether exposure is public or private is a factor relevant to a determination of indecency. Although no longer a requirement for indecent exposure, a public setting can still render the manner of exposure indecent. In this case, the government proceeded on the theory that the location of the exposure (on an outside bench in appellant's battalion headquarters area) satisfied the third element.

The issue of ultimate fact that appellant asserts was resolved in his favor at the first trial—that CT consented to the sexual act—played no part in the presentation of facts in *Hayes II*. The government was able to satisfy the elements

---

[5] Curiously, the only evidence at trial that appellant had actually exposed his penis was elicited twice by trial defense counsel, first when he asked CT whether she had seen "it [] at the conclusion of [the sex act]," and then a second time when defense counsel asked his own client "how long was it exposed before you began having sex with her?"

[6] From 1 October 2007 until 27 June 2012, Article 120(n), UCMJ, prohibited indecent exposure with the same three elements above plus an additional element requiring public visibility: "That the exposure occurred in a place where the conduct involved could reasonably be expected to be viewed by people other than the accused's family or household." *Manual for Court-Martial, United States* (2012 ed.) [*MCM*], app. 28, at A28-9. Prior to 1 October 2007, indecent exposure was a violation of Article 134, UCMJ, requiring "[t]hat the accused exposed a certain part of the accused's body to public view in an indecent manner." *MCM*, app. 27, at A27-3.

of indecent exposure without needing to consider the consensual nature of the underlying sex act. Stated differently, while consent was the necessary and essential ultimate fact in *Hayes I*, it was wholly irrelevant to *Hayes II*.

Because the two specifications at issue contain different elements, and because the ultimate fact in *Hayes I* was not at issue in *Hayes II*, we conclude that the Fifth Amendment's Double Jeopardy Clause does not apply in this case.

### B. Severance/Joinder

#### 1. Law

This Court may affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(c).

Military practice favors the joinder of all known charges, except in cases where such joinder threatens manifest injustice. *See United States v. Curry*, 31 M.J. 359 (C.A.A.F. 1990); *see also* Rule for Courts-Martial (R.C.M.) 601(e)(2) and 906(b)(10). "In the discretion of the convening authority, two or more offenses charged against an accused may be referred to the same court-martial for trial." R.C.M. 601(e)(2). Charges "may be joined with other charges for a single trial at any time before arraignment if all necessary procedural requirements" are met. *Id.* "After arraignment of the accused upon charges, no additional charges may be referred to the same trial without consent of the accused." *Id.*

#### 2. Analysis

In this case, appellant engaged in wrongful drug use approximately three months after having been arraigned in *Hayes I*. Although it is not clear from the record of trial why the convening authority failed to refer the indecent exposure charge at the same time as the sexual assault charges, such a decision is within the discretion of the convening authority. R.C.M. 601(e)(2). There is no evidence that the convening authority's decision to refer the additional charge of indecent exposure at a later time was vindictive or resulted in any prejudice to appellant. Furthermore, despite having knowledge that the specification alleging indecent exposure (*Hayes II*) was based on the same incident as the sexual assault (*Hayes I*), appellant chose not to move to join the offenses. Thus, we find no error in the specifications being tried at separate courts-martial in this case. *See* R.C.M. 601(e)(2).

## CONCLUSION

For the reasons stated above, we answer the first specified question in the negative and the second specified question in the affirmative. Accordingly, we find the findings and sentence are correct in law and fact. The findings and sentence are therefore AFFIRMED.

Judge BROOKHART and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court