Judge STUCKY
delivered the opinion of the Court.
We granted review to determine whether the military judge erred by accepting Appellant’s guilty plea to indecent exposure. We hold that there is no substantial basis in law or fact to question Appellant’s plea to indecent exposure and affirm the judgment of the United States Air Force Court of Criminal Appeals (CCA).
I.
Appellant communicated over the Internet from his on-base dormitory room with a civilian police officer posing as a fourteen-year-old boy using the screen name bradnhl4. During their first online conversation, Appellant described what it was like to have a male ejaculate in his mouth. Later that same afternoon, Appellant transmitted to bradnhl4 six images of himself nude with an erect penis. In at least one of the images, Appellant was ejaculating. During other chats over the next few weeks, Appellant described himself as an E-3 in the United States Air Force and provided video clips of adult males engaged in explicit sexual acts. Appellant also sent bradnhl4 two digital video clips of Appellant ejaculating. On May 3, 2007, Appellant masturbated and ejaculated in front of his webcam, intentionally transmitting the images to bradnhl4. Agents from the Air Force Office of Special Investigations subsequently seized Appellant’s computer and found several images of children engaged in sexually explicit acts.
Appellant pled guilty at a general court-martial to attempting, on divers occasions, to send obscene materials to a minor via the Internet; on divers occasions communicating indecent language via the Internet to a person he believed to be a minor; indecent exposure; and possession of child pornography. Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 934 (2006). The military judge accepted his pleas and court members sentenced Appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence.
Appellant submitted his case to the CCA without assignment of error, but the CCA specified an issue concerning the providence of Appellant’s guilty plea to indecent exposure. United States v. Ferguson, No. 37272, 2009 CCA LEXIS 258, at *2, 2009 WL 2212070, at *1 (A.F.Ct.Crim.App. July 15, 2009). Finding no error, the CCA affirmed the findings and sentence. Id., 2009 CCA LEXIS 258, at *14-*15, 2009 WL 2212070, at *5.
II.
The indecent exposure specification alleged that Appellant
did ... between on or about 9 April 2007 and on or about 3 May 2007, while transmitting images of himself to an audience on the internet through a computer in his dorm room, willfully and wrongfully expose to public view his naked body, his erect penis, and his erect penis while masturbating.
The elements of indecent exposure, an offense specifically delineated by the President under clauses 1 and 2 of Article 134, UCMJ, were:[1]
*433 (1) That the accused exposed a certain part of the accused’s body to public view in an indecent manner;
(2) That the exposure was willful and wrongful; and
(3) That, under the circumstances, the accused’s conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.
Manual for Courts-Martial, United States pt. IV, para. 88.b (2005 ed.) (MCM); see United States v. Graham, 56 M.J. 266, 267 (C.A.A.F.2002).
During the plea inquiry, the military judge advised Appellant of the elements of the offense and the effects of a guilty plea. Appellant voluntarily admitted under oath that, on or about April 9, 2007, and on or about May 3, 2007, he transmitted live images of himself over the Internet, intentionally exposing his naked body and erect penis while ejaculating to a person he thought was a fourteen-year-old boy. Before engaging in this conduct, Appellant asked bradnhl4 whether he was alone. Bradnhl4 responded that he was alone, but Appellant later admitted that he “couldn’t have known who was in the room” and that it could have been more than just bradnhl4. Appellant further admitted that he performed these acts in public view in an indecent manner, and that it was grossly vulgar, obscene, repugnant, and tended to incite lust. He asserted that it was indecent because he “couldn’t have known who was in the room. So, therefore, it would be a public — within public view, and the fact that [he] was sending it to a minor — that [he] thought was a minor.”
In his stipulation of fact, Appellant admitted that the Internet transmission could have been intercepted by a third party, was “public,” and “indecent.” At the request of the military judge during the plea inquiry, Appellant confirmed the truth of the contents of the paragraph in which these statements were made.
III.
A.
A military judge may not accept a guilty plea if it is “irregular,” the accused “sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect.” Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2006). The term “improvident” means ‘“heedless, unwary, not circumspect.’” Bryan A. Garner, A Dictionary of Modem Legal Usage 427 (2d ed.1995). The term has also been defined as “[of] or relating to a judgment arrived at by using misleading information or a mistaken assumption.” Black’s Law Dictionary 826 (9th ed.2009).[2] To prevent the acceptance of improvident pleas, the military judge is required to make “such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea.” Rule for Courts-Martial 910(e); see United States v. Barton, 60 M.J. 62, 66 (C.A.A.F. 2004); United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F.2002).
In this case, there is nothing in the record to suggest that Appellant’s pleas were irregularly entered or that he entered his pleas improvidently or without understanding the meaning and effect of his pleas. He was represented by counsel, advised of the elements of the offense and the consequences of pleading guilty, was carefully questioned by the military judge about the offense, was given the opportunity to consult with his counsel and ask the military judge questions before his plea was accepted, and provided the military judge a factual basis for the plea. Therefore, unless Appellant pled guilty to conduct that was not criminal, we should only review to ensure that he did not set up matter inconsistent with his plea.
B.
This Court recently characterized its duties in reviewing a guilty plea conviction:
[W]e review a military judge’s decision to accept a guilty plea for an abuse of discre *434 tion and questions of law arising from the guilty plea de novo. In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant’s guilty plea.
United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008).
“By pleading guilty, an accused does more than admit that he [committed] the various acts alleged in a specification; “he is admitting guilt of a substantive crime.’” United States v. Campbell, 68 M.J. 217, 219 (C.A.A.F.2009) (quoting United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). During the plea inquiry, Appellant admitted under oath each of the elements of the offense of indecent exposure, including that he exposed himself to public view. When an accused pleads guilty, there is no requirement that the government establish the factual predicate for the plea. United States v. Faircloth, 45 M.J. 172, 174 (C.A.A.F.1996) (holding that, in a guilty plea ease, the Court would not speculate as to the true victim of larceny with respect to co-payees on a check). “The factual predicate is sufficiently established if ‘the factual circumstances as revealed by the accused himself objectively support that plea.’ ” Id. (quoting United States v. Davenport, 9 M.J. 364, 367 (C.M.A.1980)). We “will not overturn a military judge’s acceptance of a guilty plea based on a ‘mere possibility’ of a defense.” Id. Nor will we “ ‘speculate post-trial as to the existence of facts which might invalidate an appellant’s guilty pleas.’ ” Id. (quoting United States v. Johnson, 42 M.J. 443, 445 (C.A.A.F.1995)).
IV.
Appellant asserts that his plea is “improvident”
because the exposure was not in “public view” where it was done in a private setting; there was no evidence to suggest a third person was present when the images were transmitted or that Appellant had any interest in anyone other than “bradnhl4” to view the transmission; and the undercover detective posing as a teenager was neither unsuspecting nor uninterested.
In support of his argument, Appellant cites our decisions in Graham and United States v. Shaffer, 46 M.J. 94 (C.A.A.F.1997).
Contrary to his pleas, Shaffer was convicted of indecent exposure by appearing naked in the rear of his garage but seen by three persons driving by. Shaffer, 46 M.J. at 95-96. Shaffer claimed that the evidence was not legally sufficient to establish that his exposures were willful. Id. at 96. This Court held that the evidence was legally sufficient.
The offense of indecent exposure does not just apply to exposures that take place on traditionally public lands or in traditionally public buildings. The offense also applies to indecent exposures that occur in places “so public and open,” including privately-owned homes, that they are “certain to be observed” by the general population.
Id. at 97.
Graham was convicted of indecent exposure for calling a fifteen-year-old babysitter into his bedroom while clothed only in a towel and allowing the towel to drop to the floor, exposing his penis to her. Graham, 56 M.J. at 267. Graham claimed his conviction could not stand because the indecent exposure occurred in his bedroom, rather than a more public location. Id. This Court held that the offense did not require proof that the accused exposed himself in a public place, only that he exposed himself to public view. Id. at 267-68; see MCM pt. IV, para. 88.b.(l) (“[t]hat the accused exposed a certain part of the accused’s body to public view in an indecent manner”). ‘“[P]ublic view’ means ‘in the view of the public,’ and in that context, ‘public’ is a noun referring to any member of the public who views the indecent exposure.” Graham, 56 M.J. at 269.
Appellant’s reliance on Shaffer and Graham is misplaced. First, these appellants pled not guilty and contested the government’s theory of the case. Appellant, by contrast, chose to plead guilty. Second, contrary to Appellant’s contention, Graham does *435 not hold that when an exposure is done in private the alleged victim must be unsuspecting and uninterested. In Graham, we determined that the location of an exposure is important only to the extent it may affect the proof required to establish that the exposure was willful. See id. at 268. While the fact that the exposure occurred in a public place tends to establish willfulness, such is not the case for exposure in a nonpublic place, such as a home. Id. As Graham exposed himself in a nonpublic place, the exposure itself was not sufficient to establish willfulness; however, the willfulness was established by the fact that Graham exposed himself to a member of the public — the babysitter — who was unsuspecting and uninterested, and had no choice but to see him naked. Id. In the case currently before us, this issue — whether Appellant’s acts were willful — was resolved during the plea inquiry. Appellant confirmed to the military judge that the decision to expose himself “was the result of a freely made decision on [his] part.”
Appellant could have pled not guilty, as Shaffer and Graham did, and challenged the prosecution’s theory of the specification. See Campbell, 68 M.J. at 219. Appellant chose not to. Had he done so, the prosecution would have been required to prove beyond a reasonable doubt that Appellant ejaculated in public view. Then, the issue of whether bradnhl4 was alone or with others could have been litigated. Instead, Appellant pled guilty and admitted that he performed the acts intentionally, purposefully, and in public view — in a manner that could be observed by members of the public, bradnhl4, and others. By doing so, Appellant relinquished his right to contest the prosecution’s theory on appeal, see Broce, 488 U.S. at 571, 109 S.Ct. 757, unless the record discloses matter inconsistent with the plea. Article 45(a), UCMJ. The record does not disclose any such inconsistent matter. Under the circumstances, the military judge was not required to further investigate Appellant’s concession that his conduct was undertaken in public view. Faircloth, 45 M.J. at 174. The military judge did not abuse his discretion in accepting Appellant’s guilty plea.
V.
The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

. Congress approved a slightly different offense of indecent exposure in Article 120(n), UCMJ, effective for all offenses committed after October 1, 2007. See National Defense Authorization Act for Fiscal Year 2006, Pub.L. No. 109-163, div. A., tit. V, § 552(a)(1), 119 Stat. 3136, 3257 (2006); Manual for Courts-Martial, United States, Analysis of the Punitive Articles app. 23 at A23-15 (2008 ed.).

. We understand that counsel and military appellate courts often use the word "improvident” as a more general term to refer to any ground for invalidating a guilty plea.