# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER,[*] and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY M. HUGHES**
**United States Army, Appellant**

ARMY 20120075

Headquarters, United States Army Aberdeen Proving Ground
Denise Lind, Military Judge
Lieutenant Colonel Joseph M. Masterson, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief); Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief in response to specified issue).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief); Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief in response to specified issue).

14 August 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

GALLAGHER, Judge:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of violation of a lawful general regulation, false official statement, and indecent exposure, in violation of Articles 92, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, and 920 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, and reduction to the grade of Private E1.  The convening authority approved the adjudged sentence, deferred automatic forfeitures until action, and waived automatic forfeitures from the date of action until appellant's release from confinement.

---

[*]  Judge GALLAGHER took final action on this case prior to her permanent change of station.

This case is before the court for review under Article 66, UCMJ. After the parties filed their initial briefs, this court specified the following issue pertaining to appellant's conviction for indecent exposure:

> DOES APPELLANT'S CONDUCT OF PHOTOGRAPHING HIS PENIS WHILE PHYSICALLY LOCATED IN HIS HOUSE AND SENDING THE DIGITAL IMAGE TO THE CELL PHONE OF A TRAINEE LIVING IN THE TRAINEE BARRACKS CONSTITUTE A VIOLATION OF ARTICLE 120, UCMJ, INDECENT EXPOSURE, UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE? *CF. UNITED STATES V. FERGUSON*, 68 M.J. 431 (C.A.A.F 2010).

For the reasons set forth below, we find that there is not a substantial basis in law or fact to question appellant's plea of guilty to indecent exposure.

## BACKGROUND

Appellant, who was an Advanced Individual Training (AIT) instructor at Aberdeen Proving Grounds, Maryland, initiated an unofficial and prohibited personal relationship with Private (PV2) JW. During this time, PV2 JW was a trainee living in the barracks. After appellant gave his phone number to PV2 JW, the two began to communicate via personal text messages. The very next day, and without invitation, appellant sent a digital image of his penis via text message to PV2 JW's cellular telephone. Appellant took the digital picture of his penis while he was located inside his home. This unrequested transmission, the basis for the indecent exposure charge, depicts appellant's naked erect penis placed alongside a television remote control.

The government charged appellant with indecent exposure in violation of Article 120, UCMJ. Appellant stipulated that he "sent a picture of his penis to PV2 [JW] via text message." During the providence inquiry, appellant explained that he sent the picture of his penis in an effort to try to "take [their] friendship to a sexual nature."

The military judge explained that the exposure must have occurred "at a place where the conduct involved could reasonably be expected to be viewed by people other than members of your family or household, to wit: [PV2 JW], by a digital image sent to her cellular telephone." Appellant admitted that he intended and wanted PV2 JW to see his exposed penis. In addition, appellant admitted that by sending the picture of his penis directly to PV2 JW's mobile phone, it was reasonable to expect that PV2 JW would see the image. Furthermore, the appellant even admitted it was reasonably foreseeable others would view his exposure.

**LAW AND DISCUSSION**

We review a military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Caldwell*, 72 M.J. 137, 140 (C.A.A.F. 2013). Questions of law arising from a guilty plea are reviewed de novo. *United States v. Ferguson*, 68 M.J. 431, 433–34 (C.A.A.F. 2010). A military judge's acceptance of a guilty plea will not be overturned unless the record of trial shows a substantial basis in law and fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In a guilty plea case, "The factual predicate is sufficiently established if 'the factual circumstances as revealed by the accused himself objectively support that plea.'" *Ferguson*, 68 M.J. at 434 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)). We will not overturn a military judge's acceptance of a guilty plea based on a mere possibility of a defense. *Id.* (quotations and citations omitted). Nor will we "speculate post-trial as to the existence of facts which might invalidate an appellant's guilty pleas." *Id.* (quoting *United States v. Johnson*, 42 M.J. 443, 445 (C.A.A.F. 1995) (internal quotations omitted).

An indecent exposure can occur when the exposure is accomplished electronically and not by physical presence. *Ferguson*, 68 M.J. at 434-35 (affirming appellant's Article 134 conviction for indecent exposure based on his transmission of live internet webcam images). *See also State v. Bouse*, 150 S.W.3d 326, 329-35 (Mo.App.2004) (applying the broad dictionary definition of "expose", the court held that exposure can occur in various manners, including photographs sent via the internet, and noted that the legislature could have qualified the definition by requiring the exposure to be in the victim's physical presence or be by a particular means or mode, but chose not to do so). *See also Brooker v. Commonwealth*, 41 Va.App. 609, 616-17, 587 S.E.2d 732, 736 (2003) (affirming an indecent exposure conviction based on genital exposure via web camera during an instant message internet conversation).

At the time of appellant's conduct, the elements of indecent exposure were:

> (1) That the accused exposed his or her genitalia, anus, buttocks, or female areola or nipple;
>
> (2) That the accused's exposure was in an indecent manner;
>
> (3) That the exposure occurred in a place where the conduct involved could reasonably be expected to be viewed by people other than the accused's family or household; and
>
> (4) That the exposure was intentional.

*Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 45.b.(14).

The military judge adequately listed and explained these elements of indecent exposure to appellant. Subsequently, appellant admitted facts sufficient to support each element of the offense.

Appellant freely and voluntarily admitted that PV2 JW was not a member of appellant's family or household and that he intentionally sent a digital image of his naked erect penis to her cell phone in order to "excite lust" and "take [their] friendship to a sexual nature." Additionally, he admitted that PV2 JW's cell phone was a place where PV2 JW could reasonably be expected to view the image of his naked penis and that the exposure of his penis over the cell phone was intentional and indecent.

Appellant chose to plead guilty to the offense of indecent exposure, and he did so providently, admitting that his conduct constituted an exposure that was indecent in violation of the charged statute. The record does not disclose any matter inconsistent with appellant's plea of guilt. We therefore find the military judge did not abuse her discretion in accepting appellant's guilty plea.

## CONCLUSION

On consideration of the entire record, including those matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and the parties' briefs, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

4