TOZZI, Senior Judge,
dissenting:
I respectfully dissent from the ruling of the majority dismissing Specification 2 of Charge I and Specifications 1-4 of Charge II.
In my view, the definition of expose in Article 120(n), UCMJ, and Article 120c(c), UCMJ, is unambiguous, and appellant’s convictions for indecent exposure in Specification 2 of Charge I and Specifications 1-4 of Charge II should be affirmed on that basis. Additionally, the evidence in this case is legally sufficient to support appellant’s conviction. The reasoning of the majority in dismissing these specifications evinces an erroneous interpretation of the plain meaning of the term “expose,” a flawed statutory construction analysis, and a failure to apply the applicable case law of this court as well as our superior court.
Appellant exposed his genitalia to unsuspecting victims in each of the specifications at issue either by showing them a digital image of his erect penis on his cell phone while in their presence, or in one specification by transmitting a text message with a digital image of his erect penis. Appellant exposed his genitalia to each victim at the time he displayed or sent them a digital image of his penis, not, as the majority would have it, when the pictures of appellant’s penis were initially taken.
This case turns largely on the definition of “expose” in Article 120(n), UCMJ and Article 120c(c), UCMJ. Congress did not define the term “expose” in either version of Article 120, UCMJ. When Congress has not supplied a definition, we generally give a statutory term its ordinary meaning. Yates v. United States, - U.S. -, 135 S.Ct. 1074, 1091, 191 L.Ed.2d 64 (2015) (Kagan, J., dissenting) (internal citations omitted). The ordinary meaning of expose in Merriam-Webster, in pertinent part, reads “to make known: bring to light ... to cause to be visible or open to view ... to exhibit for public veneration ... to reveal the face of (a playing card) or the cards of (a player’s hand) ... to engage in indecent exposure (of oneself).” Merriam-Webster, http://www.merriam-webster.com/ dictionary/expose Oast visited Mar. 9, 2016). We must view this definition in the context of the facts of our case, and determine if the • statutory language has a plain and unambiguous meaning with regard to the dispute at hand. Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). If the statutory language is unambiguous our inquiry ends. Id. To determine if a statutory term is unambiguous we reference the language itself as well as “... the specific context in which that language is used, and the broader context of the statute as a whole.” Yates, 135 S.Ct. at 1082 (internal citation omitted).
Neither the dictionary definition of the word expose nor Article 120, UCMJ, contain limiting or qualifying words that would require a particular means of exposure. See generally United States v. Schloff, 74 M.J. 312, 314 (C.A.A.F.2015). We also note that the term expose is used several times in the MCM consistent with its ordinary dictionary meaning.[14] See UCMJ art. 127c(2); see UCMJ art. 108e.(2); see MCM, 2012, Punitive Articles Applicable to Sexual Offenses Committed During'the Period 1 October 2007 Through 27 June 2012, app. 28, at A28-3. Had Congress intended to limit the term exposure to any particular means they would have done so. In addition, this court held that an appellant’s transmission of a digital image of his penis over the internet was an exposure within the plain and ordinary meaning of the term expose, relying primarily upon a majority view held by state courts on this issue. United States v. Hughes, Army 20120075, 2013 WL 4428900 at *2, 2013 CCA LEXIS 610 at *5 (Army Ct.Crim.App. 14 Aug. 2013) (sum.disp.) (citing State v. Bouse, 150 S.W.3d 326, 329-35 (Mo.App.2004)). Our superior court similarly affirmed an indecent exposure conviction of an appellant who transmitted images of his erect penis over *671 thfe internet. United States v. Ferguson, 68 M.J. 431, 434-35 (C.A.A.F.2010). Because I find no ambiguity in the plain and ordinary meaning of the term “expose,” I find no basis to ascertain Congress’s intent from applying the canons of statutory construction. .
Assuming arguendo that “expose” is ambiguous in the context of indecent exposure under Article. 120(n) and Article 120c(c), UCMJ, the. absence of further guidance from Congress on this issue is instructive. The majority places great weight on the fact that in the most recent revision of Article 120, UCMJ Congress added language to the definition of lewd act with' a child to include “intentionally exposing one’s genitalia, anus, buttocks, or female areola or nipple to a child by any means, including via any communications technology, with an intent to abuse, humiliate, or ’degrade any person, or to arouse or gratify the sexual desire of any person.” MCM, 2012, pt. IV, ¶ 45b.a.(h)(6)(B). This language is not dis-positive in the context of indecent exposure for several reasons. First, this language must be read in the context of Congress’ desire to reach illicit activity with children, who are becoming more proficient with communications technology at early ages. Secondly, at the same time Congress was revising the definition of lewd act with a child as delineated above, it revised the elements of indecent exposure, creating the current Article 120c(c), UCMJ. The simultaneous revision of these two provisions, coupled with the absence of similar language in Article 120c(c), UCMJ, and the absence of the promulgation of a definition of “exposed” or “exposure” indicates an unwillingness on the part of Congress to disrupt the state of the law. In short, Congress chose not to act, and this court should respect its prerogative.
In addition, the common law definition of “expose” required physical presence. See 50 AM. JUR. 2d Lewdness, Indecency, and Obscenity § 17 (1995) (citations omitted). Although Ferguson supports the proposition that physical presence is not required, appellant was physically present when he displayed the digital image of his erect penis on his cell phone to four of the victims. See Ferguson, 68 M.J. at 434-35; see also Hughes, 2013 WL 4428900, at *2, 2013 CCA LEXIS 610, at *5 (interpreting Ferguson and stating: “An indecent exposure can occur when the exposure is accomplished electronically and not by physical presence.”). Thus, four of the five specifications here meet the common law definition of expose.
Finally, this case involves appellant exposing his erect penis to four victims by showing them a picture of his penis on his cell phone while physically in their presence, and by transmitting an image of his erect penis to another victim by text message attachment. It does not involve artistic depictions of genitalia, a magazine centerfold depicting genitalia, or anything else of the kind. The facts are not complex, the definition of expose is unambiguous, the intent of Congress is clear, the case law of this court is persuasive, and the precedent of our superior court is controlling. I would affirm the findings and sentence as adjudged.

. For example, in the offense of extortion, the word "expose” is used consistent with the following Merriam-Webster dictionary definitions: "to make known: bring to light” or "to cause to be visible or open to view.” UCMJ art. 127c.(2).