# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

**No. 201600257**

_____

**UNITED STATES OF AMERICA**
Appellee

v.

**JACOB A. SARKOZY**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 3d Marine
Division, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Timothy S. Taylor,
USMC.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC,
USN.
For Appellee: Lieutenant Taurean K. Brown, JAGC, USN;
Lieutenant Robert J. Miller, JAGC, USN.

_____

Decided 31 January 2017

_____

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of indecent exposure, extortion, and indecent language—violations of Articles 120c, 127, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920c, 927, and 934 (2012). The military judge sentenced the appellant to eight months' confinement, reduction to pay grade E-1, a reprimand, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority (CA) disapproved the reprimand and approved the remaining sentence as adjudged.

We specified two issues related to the appellant's indecent exposure conviction: (1) whether the military judge abused his discretion in accepting the appellant's guilty plea to specification 1 of Charge II for indecent exposure in light of *United States v. Ferguson*, 68 M.J. 431 (C.A.A.F. 2010) and *United States v. Johnston*, 75 M.J. 563 (N-M. Ct. Crim. App. 2016); and (2) whether the term "exposes" under Article 120c(c), UCMJ, encompasses the electronic transmission of a photograph or digital image of one's genitalia to another person.

After carefully considering the record of trial, the submissions of the parties, and our holding in *United States v. Uriostegui*, 75 M.J. 857 (N-M. Ct. Crim. App. 2016)—decided after the appellant submitted this case without assignment of error—we find the appellant's guilty plea to indecent exposure improvident and take corrective action in our decretal paragraph. We are convinced that, following our corrective action, the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

From April 2014 to June 2015, while stationed in Okinawa, Japan, the appellant engaged in a long-distance, online relationship with a 16-year-old girl. During their online chats, the appellant made numerous sexually explicit remarks to the girl culminating in his threat to post naked photographs of her online if she refused to send him other nude photographs of herself.

Simultaneously, in March and April 2015, the appellant began communicating via an anonymous electronic messaging application with an online profile that, unbeknownst to him, was part of an undercover Naval Criminal Investigative Service (NCIS) operation. He sent sexually explicit text messages—which included several threatening remarks—and a picture of his erect penis to someone he believed was a 14-year-old girl. In truth, the girl was an undercover NCIS agent.

## II. DISCUSSION

### A. Indecent exposure

Specification 1 of Charge II alleges that the appellant "intentionally expose[d], in an indecent manner, his genitalia."[1] Before his conviction of that offense, the appellant explained his guilt to the military judge, admitting that he sent an unsolicited picture of his erect penis to a girl whom he believed

---

[1] The appellant was arraigned on two specifications under Charge II. He pleaded not guilty to Specification 2 of Charge II, and that specification was subsequently dismissed prior to findings.

was 14-years-old using an application on his phone. Subsequently, the military judge accepted the appellant's plea and found him guilty of the specification under the charge.

We review a military judge's acceptance of a guilty plea for an abuse of discretion, reversing only if the "record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). Finding no cause to distinguish the appellant's case from our holding in *Uriostegui*,[2] we find there is a substantial basis in law to question the providence of the appellant's plea. Beyond that, we find that the appellant's actions would be legally insufficient to support an indecent exposure conviction if a rehearing was authorized, given the specific facts and circumstances in this case. Consequently, we set aside the indecent exposure conviction and consider the need for sentence reassessment.

**B. Sentence reassessment**

Courts of Criminal Appeals (CCA) can often "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, CCA "act with broad discretion when reassessing sentences . . . ." *Id.*

Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

(1) Whether there has been a dramatic change in the penalty landscape or exposure;

(2) Whether sentencing was by members or a military judge alone;

(3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed

---

[2] 75 M.J. at 865 (finding that Congress did not intend to punish the electronic transmission of an indecent photograph or digital image to an adult under Article 120c(c), UCMJ).

at the court-martial remain admissible and relevant to the remaining offenses;

(4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16.

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so. First, the penalty landscape has not changed dramatically. The maximum punishment for indecent exposure is 12 months' confinement and a dishonorable discharge. Setting aside the indecent exposure conviction reduces the appellant's maximum punishment from five years and six months to four years and six months. Second, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed. Third, we have extensive experience and familiarity with the remaining offenses, as none presents a novel issue in aggravation. Finally, the remaining offenses capture the gravamen of the criminal conduct at issue, and all of the evidence remains admissible, as the indecent photograph would remain relevant as evidence in aggravation to the indecent language convictions.

Taking these facts as a whole, we can confidently and reliably determine that, absent the error, the military judge would have sentenced the appellant to at least confinement for eight months, reduction to pay grade E-1, and a bad-conduct discharge. We also conclude that the adjudged sentence is an appropriate punishment for the modified offenses and this offender—thus satisfying the *Sales* requirement that the reassessed sentence not only be purged of error, but appropriate. *Sales*, 22 M.J. at 308.

### III. CONCLUSION

The findings of guilty to Specification 1 of Charge II and the charge are set aside. The remaining findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

4