# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ERIC MINSHALL**
**United States Army, Appellant**

ARMY 20140981

Headquarters, 1st Cavalry Division
Wade N. Faulkner, Military Judge
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA (on brief).

25 April 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of one specification each of attempted larceny, going from his place of duty, absence without leave, and false official statement; seven specifications of larceny; and one specification of housebreaking, in violation of Articles 80, 86, 107, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 907, 921, 930 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 181 days, and reduction to the grade of E-1. He credited appellant with fifty-three days against the sentence to confinement. The convening authority approved the sentence as adjudged.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error. We discuss each argument and determine they do not merit relief.

**BACKGROUND**

Appellant was convicted pursuant to his pleas of seven specifications of larceny, along with other offenses, all related to stealing items from his barracks cohabitants. On appeal he contests two of the larceny convictions alleging substantial bases in law and fact to question the providence of his pleas.

The facts of appellant's crimes are uncontested. In the evening hours of 8 September 2014 and while a guest in another soldier's barracks room on Fort Hood, appellant stole Private First Class (PFC) KH's wallet containing a debit and credit card. Immediately after stealing the cards, appellant drove to an off-post Exxon Mobil gas station and used the stolen credit card to buy a prepaid Visa card for $101. Appellant then drove to the M&R Convenience Store and again used the stolen credit card to purchase a prepaid phone card for $48.07. Appellant attempted to buy more prepaid Visa cards and prepaid phone cards from Wal-Mart, but the stolen credit card was declined for suspected fraudulent activity. After having the credit card declined, appellant threw away the stolen credit and debit cards.

On 30 October 2014, appellant stole Private (PVT) JA's debit card. Appellant saw the soldier leave his barracks room unlocked and unattended, waited until the soldier was out of sight, and entered the room. He searched through PVT JA's personal items until he found the soldier's Fort Hood National Bank debit card, which he stole. Appellant stipulated that on 1 November 2014, he used this stolen debit card to make multiple purchases of prepaid Visa cards and Verizon prepaid phone cards from both the Fort Hood Post Exchange and the on-post III Corps Shoppette. The total of his multiple thefts was $575.88.

Appellant alleges the larceny specification encompassing his criminality on 8 September 2014, (Specification 4 of Charge I), should be questioned for three reasons. First, appellant did not steal the prepaid Visa card and prepaid phone card "on divers occasions" from each location but rather he went to each location once on the same day. Second, the military judge erroneously assigned a value of $101 to the prepaid VISA card and a value of $48.07 to a prepaid phone card. And third, theft of a prepaid phone card is actually the theft of services and not a larceny of the assigned value of the card.

Appellant makes similar allegations regarding a second larceny specification, (Specification 7 of Charge I), in which the Fort Hood Exchange and the III Corps Shoppette are the named victims of his criminality on 1 November 2014.

MINSHALL—ARMY 20140981

**LAW AND DISCUSSION**

We will not disturb a guilty plea unless appellant demonstrates "a substantial basis" in "law or fact" to question the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the plea de novo." *Id.*

Appellant's first allegation of error involves the use of the term "on divers occasions." He alleges it does not adequately reflect the facts of this case. We disagree. Here the military judge correctly defined "on divers occasions" as meaning two or more occasions. This court looks to appellant's testimony during the providence inquiry and the written stipulation of fact to determine if an adequate factual predicate was established to support appellant's guilty plea. *United States v. Harding*, 61 M.J. 526, 530 (Army Ct. Crim App. 2005). The record clearly reflects appellant committed two separate larcenies against two different victims at two different locations on the same day: 8 September 2014. The same analysis applies again to the 1 November 2014 misconduct. The use of term "on divers occasions" signifies two acts of larceny within a single specification.

Specification 4 of Charge I alleges appellant stole "goods" on divers occasions, which is exactly what he did. The specification, which combined two larcenies from two different locations and two different victims into a single specification "on divers occasions," could have been properly charged as two separate specifications. Here the government elected to combine the two larcenies into a single specification and use the term "on divers occasions" to signify the two distinct larcenies: one from the Exxon Mobile gas station and the other, separate larceny from the M&R Convenience Store.

Similarly, the larceny specification for appellant's use of PVT JA's stolen debit card on 1 November 2014 which alleged "on divers occasions" involved two different victims, the Fort Hood Post Exchange and the III Corps Shoppette respectively, at two different locations and at different times. In contrast to his conduct on 8 September 2014, where he purchased one prepaid Visa card and one prepaid phone card, appellant admitted in his stipulation of fact that on 1 November 2014 "[a]t the two locations, he buys multiple Visa prepaid credit cards and Verizon prepaid phone-cards totaling $575.88." The use of the word "on divers occasions" in the context of appellant's larcenies on 1 November 2014 was clearly appropriate.

Appellant's second argument asserts the military judge erroneously assigned values to the prepaid Visa cards and the prepaid phone cards beyond the nominal value of the cards themselves. Value is a question of fact to be determined on the basis of all the evidence admitted. *United States v. Manriquez*, ARMY 20140893, 2016 CCA LEXIS 347 (Army Ct. Crim. App. 20 May 2016) (mem. op.). Here, appellant directly contradicts on appeal what he agreed to regarding the value of the

3

prepaid Visa card and prepaid phone card in the stipulation of fact and his sworn testimony during the providence inquiry.  It is appropriate to reject facts asserted on appeal that contradict an appellant's admissions during his guilty plea.  *United States v. Ferguson*, 68 M.J. 431, 434 (C.A.A.F. 2010).  It is clear the value of the prepaid Visa cards and the prepaid phone cards went beyond the mere cost of the plastic itself.

Lastly, appellant alleges the theft of a prepaid phone card is actually a theft of services, not a larceny of the prepaid card.  We disagree.  Appellant misconstrues, under the facts of this case, at what point a larceny took place.  The larcenies were complete when the named victim businesses parted with their property under false pretenses.  The fact that a prepaid phone card can later be redeemed for phone services does not transform the theft of a card into the theft of services.  *United States v. Oki*, ARMY 20050114, 2006 CCA LEXIS 431, at *4 (Army Ct. Crim. App. 28 June 2006) (mem. op.)

Unlike here, in *Oki*, appellant in that case used a stolen credit card to deal directly with the phone company to steal services.  *Id*.  There was not a larceny of a good (a prepaid phone card) but rather a theft of services (credit of minutes) directly from the phone company to Specialist Oki's phone.

## CONCLUSION

Having resolved there is no substantial basis in law upon which to question appellant's plea, and finding appellant described in the providence inquiry all the facts necessary to establish his guilt, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4