*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Steven L. SMITH**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202000202**

Decided: 1 October 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Keaton H. Harrell

Sentence adjudged 21 May 2020 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for four months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Erin L. Alexander, JAGC, USN*

For Appellee:
*Lieutenant R. Blake Royall, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of two specifications of obstruction of justice in violation of Article 131b, Uniform Code of Military Justice [UCMJ],[1] for wrongfully destroying the digital camera and memory card he had used while attempting to record female servicemembers using the head (bathroom) aboard USS *Arlington* (LPD 24).

Appellant asserts the military judge erred in accepting Appellant's pleas because there was insufficient legal and factual basis to establish that Appellant had reason to believe criminal or disciplinary proceedings would be pending and that his intent in destroying his property was to obstruct the due administration of justice. We find no prejudicial error and affirm.

## I. BACKGROUND

While aboard *Arlington*, Appellant mounted his GoPro camera on a selfie stick and inserted it through a hole in the bulkhead (wall) that separated the male berthing from the female head in an attempt to surreptitiously record women. He inserted and removed the camera several times and reviewed the footage before it was finally observed by a female Marine in the head who stated something to the effect of, "Is that a GoPro?"[2] When he heard this, Appellant withdrew the GoPro from the hole, returned to his rack, removed the memory card from within the GoPro and broke the memory card in half. He then threw the GoPro and its accessories overboard.

During his guilty plea, Appellant stipulated that he destroyed his property in this fashion because "[he] believed [he] had been caught using [his] GoPro to attempt to record female Marines in the female head [aboard] USS *Arlington*."[3] He explained during the military judge's providence inquiry that "[b]y recording and hearing them say the word 'GoPro,' [he] knew that there

---

[1] 10 U.S.C. § 931b.

[2] Stip. of Fact, Pros. Ex. 1, para. 9.

[3] Stip. of Fact, para. 6.

would be an investigation in the future."[4] He believed that as a result of the investigation, he would "get in trouble."[5] He therefore disposed of the evidence in order to "imped[e] future investigations."[6]

Appellant was correct in his beliefs. By the time he returned to his berthing after throwing the GoPro overboard and breaking the memory card in half, senior enlisted personnel were there questioning servicemembers about the GoPro that had been observed in the female head. Appellant was subsequently advised of his rights and confessed to his misconduct, which included attempting to record nude women in the head several times over a three-month period and successfully recording one female as she dried off with a towel, the video of which he then showed to two other Marines. He was subsequently charged with various offenses, including obstruction of justice.

## II. DISCUSSION

Appellant asserts that the military judge abused his discretion by accepting his guilty pleas without an adequate legal and factual basis. A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion.[7] To determine whether a military judge abused his or her discretion, we apply the "substantial basis test," which asks "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."[8] "The factual predicate is sufficiently established if the factual circumstances as revealed by the accused himself objectively support that plea."[9]

Appellant pleaded guilty to obstruction of justice in violation of Article 131b, UCMJ. The elements of this offense are: (1) that Appellant wrongfully disposed of his camera and its memory card; (2) that he did so in the case of himself, against whom he had reason to believe there would be criminal or disciplinary proceedings pending; and (3) that the act was done with the intent to influence, impede, or otherwise obstruct the due administration of

---

[4] R. at 28.

[5] R. at 29, 34.

[6] R. at 31.

[7] *United States v. Inabinette*, 66 MJ 320, 322 (C.A.A.F. 2008).

[8] *Id.*

[9] *United States v. Ferguson*, 68 M.J. 431, 434 (C.A.A.F. 2010).

justice.[10] "Criminal proceedings include general courts-martial, special courts-martial, and all other criminal proceedings."[11] "[D]isciplinary proceedings include summary courts-martial as well as nonjudicial punishment proceedings."[12]

Appellant asserts there is insufficient factual basis for the second element—that Appellant had reason to believe there would be criminal or disciplinary proceedings pending—because the only evidence supporting even an investigation was the female voice remarking, "Is that a GoPro?" upon observing the GoPro protruding through the hole in the wall. Appellant argues that these facts do not make a criminal proceeding "inevitable,"[13] as no one could know what the woman who observed the GoPro would do with that information. He further argues that what he stated during the *Care*[14] inquiry supports that he was merely concealing his offenses, not obstructing justice, and that the military judge should have inquired further into this issue.

We disagree with these contentions. First, criminal proceedings need not be "inevitable" in order for obstruction of justice to occur. In fact, it is "unnecessary . . . that charges be pending or even that an investigation already be underway. The requirement is that the accused had reason to believe there were or *would be* criminal proceedings pending against himself or some other person."[15] Here, Appellant stated unequivocally and repeatedly during the providence inquiry that the reason he threw his GoPro overboard and broke his memory card in half was because he believed, after hearing a female discover the GoPro, that there would be an investigation, which would result in him "get[ting] in trouble."[16] We decline Appellant's invitation to "joust in the abstract"[17] through the creative spin with which he now asks us to view his own factual statements during providency.

---

[10] *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, para. 83.b.

[11] *Id.*, para. 83.c.

[12] *Id.*

[13] Appellant's Br. at 9.

[14] *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

[15] *United States v. Athey*, 34 M.J. 44, 48 (C.A.A.F. 1992) (citation and internal quotation marks omitted) (emphasis in original).

[16] R. at 29, 34.

[17] *United States v. Lennette*, 41 M.J. 488, 490 (C.A.A.F. 1995).

Second, those same factual statements by Appellant are sufficient to find his intent was not merely to conceal his offenses, but to impede an investigation into them.[18] Whether destruction of evidence constitutes obstruction of justice, as opposed to mere concealment of an offense, requires "case-by-case [consideration of] the facts and circumstances surrounding the alleged obstruction and the time of its occurrence with respect to the administration of justice."[19] Here, at the time Appellant threw the GoPro overboard and broke its memory card in half, the evidence of his wrongful recording efforts had already been seen and noted aloud by an observer. By that point, Appellant's actions ceased to be a matter of mere concealment because he knew his crime had already been detected.[20] This led Appellant to reasonably (and correctly) believe that there would be an investigation, which would result in him getting in trouble, and so he endeavored to impede it by destroying the evidence.

We find the military judge properly evaluated Appellant's stipulation of fact and his statements during the *Care* inquiry and clarified any inconsistencies in carefully eliciting a sufficient factual basis for the offense of obstruction of justice. We conclude the factual circumstances revealed by Appellant objectively support his pleas and that the military judge did not abuse his discretion in accepting them.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.

The findings and sentence are **AFFIRMED**.

---

[18] *See United States v. Finsel*, 36 M.J. 441, 443-45 (C.A.A.F. 1993).

[19] *Lennette*, 41 M.J. at 490 (quoting *Finsel*, 36 M.J. at 443 (C.A.A.F. 1993)); *see also United States v. Fleming*, No. 201000439, 2011 CCA LEXIS 447 at *4 (N-M. Ct. Crim. App. July 14, 2011) (unpublished).

[20] *Cf. United States v. Hendricks*, No. 200701009, 2008 CCA LEXIS 305 at *11 (N-M. Ct. Crim. App. Sept. 16, 2008) (unpublished) (finding the appellant's act of flushing marijuana down the toilet to prevent its discovery during a barracks inspection was not obstruction of justice, but "merely an effort to avoid detection" and conceal an offense that the government was not aware of).

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court