# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 MARQUES D. ENTZMINGER**
**United States Army, Appellant**

ARMY 20150672

Headquarters, 8th Army
Tiernan P. Dolan, Military Judge
Colonel Craig A. Meredith, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Vincent S. Scalfani, JA (on brief).

11 January 2017

---------------------------------
OPINION OF THE COURT
---------------------------------

CAMPANELLA, Senior Judge:

In this case, we find appellant was improvident when he pleaded guilty to violating Article 120c, UCMJ, for indecent exposure when the underlying offense was based on appellant electronically transmitting a photograph of his penis to a victim. The staff judge advocate (SJA) provided incorrect legal advice to the convening authority in the addendum to the staff judge advocate's post-trial recommendation (SJAR) when he advised the convening authority that no legal error occurred regarding appellant's conviction for indecent exposure under Article 120c Uniform Code of Military Justice, 10 U.S.C. § 920c (2012) [hereinafter UCMJ] in light of *United States v. Williams,* 75 M.J. 663, 669 (Army Ct. Crim. App. 2016).

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of indecent exposure, one specification of indecent language to a child under sixteen years of age, one specification of indecent language, and two specifications of communicating a threat, in violation of Articles 120c and 134, UCMJ. The military judge sentenced appellant to a bad-conduct

discharge and sixteen months confinement. In accordance with the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for thirteen months.

We have reviewed this case pursuant to Article 66, UCMJ. Appellant asserts two assignments of error, one of which merits discussion and relief.[1]

## BACKGROUND

Appellant met thirteen-year-old KT when they were both dependents at Camp Zama, Japan. At that time, appellant was about twenty years old. Appellant became smitten with KT and after they both left Japan, he sought a dating relationship with her. He regularly called her, texted her, and communicated with her via various computer messaging applications.

After leaving Japan, appellant joined the Army and was stationed in Korea. He continued to reach out to KT until she decided she no longer wished to continue their association and "blocked" his various computer accounts. KT's attempts to stop all communication with appellant were continuously foiled when he would simply open another account and reach out to her again.

At some point, appellant became aware KT had another boyfriend and became enraged. Appellant then began a series of both indecent and intimidating messages to KT, threatening to publically distribute nude photographs of KT that he somehow came to possess.[2] The string of threats and indecent remarks began the night before KT's sixteenth birthday and continued into the next morning. Appellant culminated his indecent and threatening barrage of messages by sending KT an unsolicited picture of his penis through a computer messaging system, followed by the indecent message, "You can suck my dick now."

Appellant pleaded guilty, *inter alia*, to violating Article 120c, UCMJ, indecent exposure, for transmitting a photograph of his penis via computer to KT.

---

[1] Appellant also alleged as an assigned error an unreasonable multiplication of charges (UMC). It is clear from the military judge's inquiry on the record that appellant affirmatively waived UMC in exchange for his pretrial agreement. We, therefore, find the issue to be meritless.

[2] The nude photographs were extracted from a video found on appellant's cell phone, surreptitiously taken by someone outside KT's bedroom window through a crack in the blinds after KT had showered and was getting dressed.

## LAW AND ANALYSIS

*Acceptance of Plea to Indecent Exposure.*

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). Although the standard for this case is "abuse of discretion," when the law changes due to a case decided while an appellant's case is on direct appeal, appellant is entitled to avail himself of the new rule, even though the military judge did not err at the time. *United States v. Harcrow*, 66 M.J. 154, 160 (C.A.A.F. 2008) (Ryan, J. concurring). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *Inabinette*, 66 M.J. at 322). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322.

Whether Article 120c(c), UCMJ, proscribes the appellant's electronic transmission of a photograph of his penis is a de novo question of statutory interpretation.

*After* appellant's court-martial but *before* the convening authority took action, this court decided *Williams*, and considered whether Article 120c(c), UCMJ, applied to an appellant sending a still "digital image" of his penis via text message to a victim. We determined it did not. We held the term "exposed" under Article 120c(c), UCMJ, did not encompass showing a person a photograph or digital image of one's genitalia because there was no *live display of actual genitalia*. Finally, we concluded Congress did not intend to criminalize an "exposure" through communication technology under Article 120c(c), UCMJ. In other words, after trial this court definitively determined appellant's actions did not constitute the offense of indecent exposure.

As in *Williams*, here the record establishes no legally sufficient theory of how appellant committed indecent exposure under Article 120c(c), UCMJ. Accordingly, there is a substantial basis in law to question the providence of appellant's plea. The government concedes the point.

*Addendum to the Staff Judge Advocate's Recommendation.*

Commendably, appellant's trial defense counsel outlined the then week-old holding in *Williams* in accurate and persuasive detail in appellant's Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters to the convening authority and argued that the holding in *Williams* squarely applied to the facts in appellant's case and thus rendered the indecent exposure conviction legally insufficient. Indeed, the binding

precedent established by that case eliminated any argument to the contrary. Appellant requested disapproval of the indecent exposure conviction and a reduction in his court-martial sentence.

In the addendum to his recommendation, the SJA provided the following advice to the convening authority:

> I have considered the defense allegation of legal error regarding PVT Entzminger's conviction of indecent exposure under 120c, based on *US v. Williams* (ACCA, 30 March 2016). I disagree that this was legal error and, in my opinion, no corrective action is necessary.

While it is unclear why the SJA arrived at his conclusion, it is certain his advice to the convening authority was erroneous. The holding in *Williams* squarely establishes Article 120c, UCMJ, does not encompass showing a person a photograph or digital image of one's genitalia.

Nonetheless, we note that recent changes to a convening authority's Article 60, UCMJ, power may place SJAs in an unusual position. The SJA is required to opine on legal error in his or her advice to the convening authority, *see* R.C.M. 1106, but the convening authority may now be powerless to remedy the error.

As an initial matter, when applicable, the SJA should advise the convening authority of the amendments to Article 60, UCMJ, implemented by the National Defense Authorization Act of 2014, removing the convening authority's power to disapprove the findings or the sentence in cases wherein the non-qualifying offense occurred after 24 June 2014 and explaining what power the convening authority does possess.[3] Such advice, either in writing in the SJAR or given verbally, reliably informs the convening authority of her or his post-trial options.

---

[3] The convening authority's power to modify (approve a lesser included offense) or set aside a finding is limited to qualifying offenses. UCMJ art. 60. "Qualifying offenses" include: (1) offenses under the UCMJ for which the maximum sentence to confinement that may be adjudged does not exceed two years; and (2) the adjudged sentence does not include a punitive discharge (dismissal, dishonorable discharge or bad-conduct discharge) or confinement of more than six months. *Id*. Excluded from the definition of "qualifying offenses" are: 1) offenses under Articles 920(a) and 920(b), UCMJ; 2) offenses under Articles 920b and 925, UCMJ; and 3) offenses specified by the Secretary of Defense. *Id*.

In this case, appellant implored the convening authority to disapprove the Article 120c offense and reduce his sentence in his R.C.M. 1105 matters based on the noted legal error. This remedy was outside the bounds of the CA's authority. If the SJA had correctly noted the legal error to the convening authority, we see two possible avenues he could have recommended at that point.

First, while the convening authority had no power to disapprove a finding or reduce appellant's sentence, the SJA could nonetheless recommend that the convening authority return the case to the military judge pursuant to R.C.M. 1102(d) because this was a military judge alone case.[4] This action would have allowed the military judge to consider the issue raised by appellant in his post-trial R.C.M. 1105 submission and consider taking corrective action.

A second, less timely, method of correction would have been to recommend that the convening authority approve the findings and sentence as adjudged and note the error for the convening authority–allowing this court to provide a remedy for error when one is required. This option, which prevents correcting the error at the trial level, at least provides accurate legal advice to the convening authority and highlights the issue for appeal.

Which option the SJA recommends to the convening authority will turn on many factors to include whether the court-martial was judge alone or with a military panel and the gravity of the error.

**CONCLUSION**

The findings of guilty of the Specification of Charge II and Charge II are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

Applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we conclude that we can confidently reassess appellant's sentence without returning this case for a sentence rehearing.

In evaluating the *Winckelmann* factors, our decision does not result in a dramatic change in the penalty landscape as appellant's maximum exposure to confinement is reduced by only one year. *Id*. at 15-16. Because appellant was sentenced by a military judge as opposed to members, we are more likely to be certain of how the military judge would have sentenced appellant had he acquitted him of indecent exposure. *Id*. at 16. While the gravamen of the criminal conduct is reduced without the specification dismissed by our decision today, we have the

---

[4] See *United States v. Chandler*, 74 M.J. 674 (Army Ct. Crim. App. 2015) regarding a court-martial with a panel.

familiarity and experience with the remaining offenses and can reliably determine what sentence would have been imposed at trial.  *Id.*  Furthermore, appellant received the benefit of his pretrial agreement, which limited his possible confinement to thirteen months.  Based on the entire record and appellant's course of conduct, we can conclude the military judge would have imposed a sentence of at least that which was adjudged.

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the approved sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Judge HERRING and Judge PENLAND and concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court