# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAKOTA A. BRAGAN**
**United States Army, Appellant**

ARMY 20160124

Headquarters, 82nd Airborne Division
Richard J. Henry, Military Judge
Lieutenant Colonel Susan K. McConnell, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Lieutenant Colonel Christopher Daniel Carrier, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Captain Tara O'Brien Goble, JA; Captain Jonathan S. Reiner, JA (on brief).

15 March 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of indecent exposure, possessing child pornography, receiving child pornography, viewing child pornography, and communicating indecent language, in violation of Articles 120c and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920c, 934 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises two assignments of error.  Both warrant discussion and one merits relief.  We also find the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be meritless.

## BACKGROUND

Appellant pleaded guilty to indecent exposure by taking photographs of his erect penis and sending them to a pair of sixteen-year-old high school cheerleaders.

During the plea inquiry, the military judge went through each element of the offense of indecent exposure and reviewed the basis for the charge–namely, that appellant had intentionally exposed his genitalia in an indecent manner between 1 January 2014 and 30 November 2014.

Appellant admitted he took photographs of his penis and sent them to others, knowing the pictures were indecent. He further expounded upon the indecency element of the charge in that he photographed his penis next to a water bottle to illustrate its size–and then sent the photographs via social media to persons under the age of 18.

Although appellant did not mention it during the providence inquiry, appellant also sent videos of himself unclothed, masturbating, and ejaculating to the same two underage girls on different occasions during the same timeframe as the charged indecent exposure. The two girls reciprocated by sending appellant similar videos of themselves unclothed and masturbating. Appellant admits this information to be true through the stipulation of fact.

## LAW AND DISCUSSION

Appellant now argues the military judge abused his discretion by accepting appellant's guilty plea for indecent exposure in light of *United States v. Williams*, 75 M.J. 663 (Army Ct. Crim. App. 2016).

The government urges this court to distinguish this case from *Williams* and affirm the indecent exposure charge arguing that because appellant sent videos, not just still photographs, this case falls outside the holding in *Williams*.

### *Standard of Review*

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). Although the standard for this case is "abuse of discretion," when the law changes due to a case decided while an appellant's case is on direct appeal, appellant is entitled to avail himself of the new rule, even though the military judge did not err at the time. *United States v. Harcrow*, 66 M.J. 154, 160 (C.A.A.F. 2008) (Ryan, J. concurring). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id*. (citing *Inabinette*, 66 M.J. at 322). The court applies this "substantial

basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322.

Whether Article 120c(c), UCMJ, proscribes the appellant's electronic transmission of a photograph of his penis is a de novo question of statutory interpretation. *United States v. Entzminger*, __ M.J. __, 2017 CCA LEXIS 20, at *4 (Army Ct. Crim. App. 11 Jan. 2017); *Williams*, 75 M.J. at 665.

*Acceptance of Plea to Indecent Exposure*

*After* appellant's court-martial, but *before* the convening authority took action, this court decided *United States v. Williams*, 75 M.J. 663 (Army Ct. Crim. App. 2016) and considered whether Article 120c(c), UCMJ, applied to an appellant sending a still "digital image" of his penis via text message to a victim. We determined it did not. We held the term "exposed" under Article 120c(c), UCMJ, did not encompass showing a person a photograph or digital image of one's genitalia because there was no *live display of actual genitalia. Id*. at 667. Finally, we concluded Congress did not intend to criminalize an "exposure" through communication technology under Article 120c(c), UCMJ. *Id*. at 669.

In other words, after appellant's trial, this court definitively determined appellant's actions of digitally sending a photograph of his exposed erect penis to another person did not constitute the offense of indecent exposure. We find appellant's plea and the providence inquiry to be on all fours with this conclusion.

The government argues that "although appellant did not mention it during the providence inquiry, he also sent videos of himself unclothed, masturbating, and ejaculating to both of those young girls on different occasions during the same time frame." Accordingly, the government asserts that appellant's actions went beyond the appellant's actions in *Williams*, citing *United States v. Ferguson*, 68 M.J. 431 (C.A.A.F. 2013), a pre-*Williams* case.

This argument falls flat. There was no indication during the plea inquiry that the basis for the indecent exposure charge was connected to appellant transmitting *videos* of himself masturbating and ejaculating. The government invites this court to flout the providence inquiry and inappropriately incorporate by reference the video-related information from the stipulation of fact. The law does not permit us to do so.

Even if we were to ignore the providence inquiry and assume incorporation by reference of the information in the stipulation of fact, the government's argument still comes to naught. The upshot of *Williams* was that there was no *live display of actual genitalia* in the electronic transmission. *Also see*, *United States v.*

*Uriostegui*, 75 M.J. 857, 864-65 (N.M. Ct. Crim. App. 2016) ("We agree with the holding in *Williams* that this conduct is not indecent exposure under Article 120c(c), UCMJ, because indecent exposure has 'a temporal and physical presence aspect . . . [and] violations occur when a victim [may be] present to view the *actual* body parts listed in the statutes, not images or likenesses of the listed parts.'"). While transmitting a previously recorded video is factually different, as the government asserts, it is without legal distinction under these facts.

As in *Williams*, here the record establishes no legally sufficient theory of how appellant committed indecent exposure under Article 120c(c), UCMJ. As such, we hold there is a substantial basis in law to question the providence of appellant's plea and will take appropriate action in our decretal paragraph and set aside and dismiss Charge I.

*Post-Trial Delay*

It took 106 days after action for the government to get appellant's record of trial to our court. The government explains this delay as a mailroom issue related to the record being "returned to sender without notice to the local office." We do not find this explanation reasonable. It is incumbent upon the government to track and account for mailed records of trial. That said, here, appellant has not demonstrated prejudice or a due process violation. *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Additionally, considering the facts and circumstances of this case, the approved sentence, and post-trial delay, we find the approved sentence not inappropriately severe. As such, we award no relief. UCMJ, art. 66(c). While we grant appellant no relief on this issue, we, nonetheless, invite the government's attention to Army Reg. 27-26, Legal Services: Rule for Professional Conduct for Lawyers, Appx. B, R.1.1 (Competence), R.1.3 (Diligence) (1 May 1992) ("A lawyer shall act with reasonable diligence and promptness in representing a client and in every case.").

*Reassessment*

In determining whether we can reassess the sentence, we apply several non-exhaustive factors from *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). First, appellant faced a maximum punishment of a dishonorable discharge, thirty-one years and six months confinement, total forfeiture of pay and allowances, and reduction to E-1 prior to the reversal of his conviction for indecent exposure. Appellant still faces a maximum punishment of a dishonorable discharge, thirty years and six months confinement, total forfeiture of pay and allowances, and reduction to E-1. This does not constitute a dramatic change in the penalty landscape. Second, appellant was sentenced by a military judge and we are more likely to be certain of what a military judge would have done. Third, appellant's criminal conduct remains significant: he is convicted of three child pornography

offenses and one specification of indecent language. Fourth, we have familiarity and experience with the remaining offenses to reliably determine what sentence would have been imposed at trial. After weighing these factors, we are confident we can reassess the sentence in this case.

## CONCLUSION

On consideration of the entire record, the findings of guilty of the Specification of Charge I and Charge I are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, we affirm the sentence as adjudged. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5